IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| AUTOZONE, INC., | ) ) | **C O M P L A I N T** JURY TRIAL DEMANDED |
| and | ) ) | |
| PEOPLEMARK, INC., | ) ) | |
| Defendants. | ) | |

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e <u>et</u> <u>seq</u>., to correct unlawful employment practices based on sexual harassment and retaliation. The Commission alleges that AutoZone, Inc. subjected Janet Douglas to sexual harassment by a co-worker and that Peoplemark, Inc. retaliated against Ms. Douglas after she filed a charge of discrimination with the Commission complaining of the sexual harassment.

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant AutoZone, Inc. ("Employer" or "Defendant"), has continuously been a foreign corporation doing business as AutoZone, Inc. in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Peoplemark, Inc. ("Employer" or "Defendant"), has continuously been a foreign corporation doing business as Peoplemark, Inc. in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

6.      At all relevant times, Defendant Employers have continuously been and are now employers engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Janet Douglas (hereinafter "Douglas") filed charges of discrimination with the Commission alleging that Defendant Employers engaged in employment practices which violate Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least approximately May, 2005, Defendant AutoZone, Inc., has engaged in unlawful employment practices at its Memphis, Tennessee facility at 4400 Summer Avenue in violation of Section 703(a) and of Title VII, 42 U.S.C. §2000e-2(a).  The unlawful employment practices involved subjecting Janet Douglas to harassment because of her sex.

9.      Since at least approximately September, 2005, Defendant Peoplemark, Inc., has engaged in unlawful employment practices at its Memphis, Tennessee facility in violation of Section 704(a) and of Title VII, 42 U.S.C. §2000e-3(a).  The unlawful employment practices involved subjecting Janet Douglas to retaliation because of her complaint about the sexual harrassment.

10.     Douglas was hired with Defendant Peoplemark on March 15, 2005.

11.     Defendant Peoplemark assigned Ms. Douglas to AutoZone at its 4400 Summer Avenue facility on April 5, 2005 as a Processor/Order Filler.

12.     At the time Douglas was assigned to its facility, AutoZone did not provide temporary employees like Douglas with copies of or orientation regarding its harassment policies and procedures.

13.     Peoplemark advised Ms. Douglas that she was under the supervision of and reported to her AutoZone supervisors.

14.     Ms. Douglas's immediate supervisors at AutoZone were Fulfillment Center Manager Dennis Johnson and Fulfillment Center Advisor Tyrone Brown.

15.     Around May 2005, co-worker and fellow Peoplemark temporary employee Toriano Stokes began making graphic sexual comments to Ms. Douglas on a daily basis.

16.     Ms. Douglas was at first reticent to report Stokes because he was friends with her immediate supervisors at AutoZone.

17.     Toriano Stokes' behavior escalated to offensive touching and grabbing, including one occasion when he kissed Ms. Douglas on her buttocks and another occasion when he licked Ms. Douglas on her buttocks.  In response to Stokes' escalating egregious conduct, Ms. Douglas would strike out at him.

18.     Ms. Douglas' immediate supervisor, Tyrone Brown, saw her hitting Stokes on occasion, but acted as though he had not.

19.     Stokes did not confine his offensive conduct to Ms. Douglas.  While patronizing a pizzeria near the AutoZone facility, Stokes licked the hand and arm of one of the pizzeria employees.  The pizzeria's management complained to managers at AutoZone about Mr. Stokes' offensive conduct.

20.     Stokes licked his tongue at Sales Part Manager Brittany Martin.  He also made sexual comments about performing oral sex on women.  Stokes talked about the size of his genitals and repeatedly asked Martin for her phone number.

21.     One day Stokes took Douglas' camera phone without her knowledge and photographed his tongue.

22.     Then in early September of 2005, Stokes stole Ms. Douglas cameral phone and took a photograph of his penis.  Ms. Douglas confronted Stokes and demanded that he keep his hands off of her phone.  Stokes laughed and told Ms. Douglas to show the pictures to AutoZone managers Tamara Brown and Teresa Jacobs.  Both women asked Ms. Douglas to show them the picture, but Ms. Douglas refused.

23.     On September 9, 2005 Toriano Stokes again stole Ms. Douglas' phone and photographed his penis.  Ms. Douglas reported the phone incident to her immediate supervisor

Tyrone Brown on September 13, 2005, the same day that Defendant Peoplemark informed her that her assignment at AutoZone was terminated.

24.    Two days after AutoZone directed Peoplemark to end Ms. Douglas' assignment, AutoZone directed Peoplemark to end the assignment of Toriano Stokes as well.

25.    On September 21, 2005, Ms. Douglas filed charges 250-2005-03549 and 250-2005-03551 against Defendants AutoZone and Peoplemark alleging that she had been subjected to sexual harassment.

26.    Approximately two weeks after his assignment with AutoZone was terminated, Peoplemark reassigned Stokes to another position.

27.    After her assignment with AutoZone was terminated, Ms. Douglas made numerous inquiries about being reassigned.  Although Peoplemark gave Ms. Douglas assurances that she would be reassigned, Peoplemark never called her for another assignment.

28.    The unlawful employment practices complained of in paragraphs 7 through 27 were intentional.

29.    The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Janet Douglas.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Commission respectfully prays that this Court:

A.    Grant a permanent injunction enjoining Defendant Employers and their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment and retaliation and any other employment practice which discriminates on the basis of sex, female or retaliation.

B.      Order Defendant Employers to provide mandatory training regarding Title VII and its prohibition against sexual harassment and retaliation to all management and non-management officials in their various facilities

C.      Order Defendant Employers to institute and carry out policies, practices and programs to eradicate the effects of their past and present unlawful employment practices.

D.      Order Defendant Employers to make whole Janet Douglas by providing appropriate back pay with prejudgment interest in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.      Order Defendant Employers to make whole Janet Douglas by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

F.      Order Defendant Employers to make whole Janet Douglas by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish and humiliation, in amounts to be determined at trial.

G.      Order Defendant Employers to pay punitive damages to Janet Douglas for the malicious and/or reckless conduct she was subjected to by the Defendant Employers, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper.

I.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,


**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission DBT)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730


s/ William A. Cash, Jr. (with permission DBT)
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Arkansas Bar No. 88081


s/ Darin B. Tuggle
**DARIN B. TUGGLE**
Trial Attorney
New Jersey Bar No. 048621998

**EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone:  (901) 544-0137